# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PEGGY BEERS, et al.,** ) | |
| ) | |
| **Plaintiffs.** ) | |
| v. ) | Case No. 04-CV-0860-CVE-SAJ |
| ) | |
| **PAT BALLARD, Washington** ) | |
| **County Sheriff, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is defendant's objection to plaintiff's exhibits (Dkt. # 70).[1] First, defendant objects to the use of Washington County Jail book-in sheets for Danny Wayne Barnes from 1998 to 2001. Dkt. # 59, Ex. 6-15. The proposed pretrial order no longer contains these ten documents under plaintiff's list of exhibits. Therefore, the Court deems defendant's first objection **moot**. Second, defendant asks the Court to strike the autopsy report for Danny Wayne Barnes. Dkt. # 59, Ex. 29. The autopsy report is listed as plaintiff's Exhibit No. 18 in the proposed pretrial order. As neither party has submitted a copy of the autopsy report, the Court assumes that it is the official autopsy report completed by the state medical examiner.

Defendant objects to the autopsy report based on the Federal Rules of Evidence 801, 802, and 901.[2] The autopsy report is an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). However, an autopsy report is admissible if it falls within a firmly rooted hearsay exception or if it possesses sufficient particularized guarantees of

---

[1] Following the Court's ruling on defendants' motion for summary judgment, Pat Ballard is the sole remaining defendant (Dkt. # 82).

[2] Defendant also refers to Oklahoma law regarding the admissibility of medical investigations. See Okla. Stat. tit. 63, § 949(B). However, the Federal Rules of Evidence govern this action.

trustworthiness.  See Fed. R. Evid. 803, 807.  An autopsy report may be admissible under the firmly rooted business record exception to the hearsay rule.  Fed. R. Evid. 803(6); see Sosna v. Binnington, 321 F.3d 742, 747 (8th Cir. 2003) ("The District Court did not abuse its discretion when it admitted the entire autopsy report into evidence under Rule 803(6) as a business record.").  To be admitted into evidence, the report must be authenticated and the "source of information or the method or circumstances of preparation [must not] indicate lack of trustworthiness."  Fed. R. Evid. 803(6), 901.

Further, an autopsy report may be admissible, under the residual exception to the hearsay rule, if it has "equivalent circumstantial guarantees of trustworthiness" to firmly rooted exceptions.  Fed. R. Evid. 807; see U.S. v. Rosa, 11 F.3d 315, 333 (2nd Cir. 1993) ("Whether or not autopsy reports fall within an exception to the hearsay rule that is 'firmly rooted,' we believe the reported observations in such reports bear sufficient indicia of reliability to satisfy the demands of the Confrontation Clause.") (citation omitted); Manocchio v. Moran, 919 F.2d 770, 774-78 (1st Cir. 1990).  Guarantees of trustworthiness include proper authentication and the lack of a possible motive by the medical examiner to falsify the report.  Accordingly, the Court will admit the autopsy report provided there is sufficient evidence of its trustworthiness.

**IT IS THEREFORE ORDERED** that defendant's objection to plaintiff's exhibits (Dkt. # 70) is **granted in part** and **denied in part:**  it is **granted** as to the Washington County Jail book-in sheets for Danny Wayne Barnes from 1998 through 2001 and it is **denied** as to the autopsy report subject to the proper foundation for its admission.

**DATED** this 2nd day of March, 2006.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT