**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **PEGGY BEERS, Administrator** ) | |
| of the Estate of DANNY WAYNE ) | |
| BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-CV-0860-CVE-SAJ |
| ) | |
| **PAT BALLARD, in his official** ) | |
| capacity as Sheriff of Washington ) | |
| County, Oklahoma, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 50(a)(1), defendant orally moves for judgment as a matter of law, arguing that there is no underlying constitutional violation and that there is no evidence of causation, thus precluding liability under 42 U.S.C. § 1983. Plaintiff Peggy Beers ("Beers"), in her representative capacity as administrator for the estate of Danny Wayne Barnes ("decedent"), alleges that defendant, in his official capacity, violated decedent's Eighth Amendment rights by deliberately delaying medical care.

A judgment as a matter of law is appropriate when the "evidence so overwhelmingly favors 'the movant as to permit no other rational conclusion . . . .'" Haberman v. The Hartford Ins. Group, Nos. 03-6338, 03-6340, 2006 WL 906116, at *9 (10th Cir. April 10, 2006) (citing Greene v. Safeway Stores, Inc., 98 F.3d 554, 557 (10th Cir. 1996)). Rule 50 provides in relevant part:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1); see Vanderhurst v. Colorado Mountain College Dist., 208 F.3d 908, 913 (10th Cir. 2000). For purposes of defendant's motion for judgment as a matter of law, the Court must view the evidence in the light most favorable to plaintiff. Id.

Following partial summary judgment for defendants, plaintiff's only remaining claim alleges that defendant, in his official capacity, is liable under 42 U.S.C. § 1983 for violating decedent's Eighth Amendment right to be free from cruel and unusual punishment. Specifically, plaintiff alleges that defendant's policy or custom caused decedent's death by delaying medical care in a deliberately indifferent manner. At the close of plaintiff's case in chief, the overwhelming evidence permits no other rational conclusion than judgment as a matter of law in favor of defendant on plaintiff's section 1983 claim.

The evidence presented at trial fails to prove necessary elements of plaintiff's section 1983 claim. To hold defendant liable, plaintiff must show, by a preponderance of the evidence, that:

1. The conduct of officers did violate decedent's constitutional rights; and that

2. This violation was done pursuant to a policy or custom of defendant Ballard, in his official capacity as the Washington County Sheriff; and that

3. The policy or custom was a proximate cause of the deprivation of decedent's constitutional rights.

First, the Eighth Amendment protection against wrongful denial of medical care to inmates requires plaintiff to prove, by a preponderance of the evidence, that: decedent had a serious medical need; defendant was acting under color of law; defendant was deliberately indifferent to decedent's serious medical need; and defendant's acts were the proximate cause of the harm suffered by decedent. The parties do not dispute that the first two elements are met: officers were acting under

color of state law; and decedent had a serious medical need as diagnosed by a physician as requiring treatment. However, plaintiff has not carried her burden with regard to the final two prerequisites to establish liability: deliberate indifference and proximate causation.

Even assuming that plaintiff had presented sufficient evidence of a policy or custom being a proximate cause of decedent's injury, the record contains no evidence of intent. Plaintiff must prove, by the greater weight of the evidence, that defendant intentionally refused or failed to take reasonable measures to deal with the medical risk faced by decedent. See City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) ("Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality – a policy as defined by our prior cases – can a city be liable for such a failure under section 1983."). To the contrary, defendant has introduced undisputed evidence that Officers Inda and Hurd, the prison guards on duty the morning of decedent's cardiac arrest, were fully certified in first aid and CPR. At best, plaintiff has shown possible negligence, such as failing to assign a third officer to work the morning shift after the scheduled officer retired. With regard to plaintiff's allegation of understaffing, she has failed to present evidence of a persistent policy or custom of understaffing and she has failed to present evidence that the back-up system of relying on the near-by police and fire departments is inadequate. The evidence presented shows that Bartlesville Police Officer Beisley arrived to the jail within minutes of the incident and an ambulance arrived shortly thereafter. The overwhelming evidence is that the last sight check of decedent was at 8:04 a.m.; and that 12 minutes passed between notification of "man down" (8:09 a.m.) and arrival of EMT personnel (8:21 a.m.). Given the overwhelming testimony about the success and reliability of the jail's emergency back-up system, it would be unreasonable to infer that defendant was reckless with the design and implementation of the institutional response to inmate

3

medical emergencies. There is no evidence that defendant consciously chose not to prepare for serious medical needs of inmates. As mere negligence or inadvertence does not constitute deliberate indifference, the Court finds that "there is no legally sufficient evidentiary basis for a reasonable jury to find for" plaintiff on this issue. Fed. R. Civ. P. 50(a)(1).

In addition, no evidence was presented at trial to suggest that an alleged policy or custom caused decedent's injury. See Berry v. City of Muskogee, Oklahoma, 900 F.2d 1489, 1499 (10th Cir. 1990) ("a municipality is liable under section 1983 if there is a direct causal connection between the municipal policies in question and the constitutional deprivation.") (citing City of Canton, 489 U.S. 378). Decedent had a documented pre-existing heart condition; decedent suffered a cardiac arrest; decedent lapsed into a persistent vegetative state, or coma; decedent died when family members made the difficult decision to cease medical treatment. Plaintiff introduced no evidence that a policy or custom played a substantial part in bringing about decedent's cardiac arrest, coma, or death. Plaintiff testified that no doctor, not even decedent's personal physician, Jerry Brad Jarrell, M.D., has told her that any delay of medical care contributed to decedent's condition. There was no evidence that either Peggy Beers or Dr. Jarrell had personal knowledge of the events that took place at the jail on the morning of the incident nor of the policies and procedures of the Sheriff's Office. The overwhelming majority of inmates present at the time of decedent's cardiac arrest gave written statements that the prison guards were prompt in administering CPR. See Defendant's Exhibits 10-12, Witness Statement Forms of Thomas Flavin, Stephen Sahlin, and Oliver Kasler. The only rational conclusion is that defendant's conduct, policies, and customs were not the proximate cause of decedent's cardiac arrest, coma, or death.

Next, plaintiff alleges that defendant failed to train or supervise staff with regard to CPR and prompt response to medical emergencies and that defendant understaffed the jail. Plaintiff has failed to introduce evidence that understaffing the jail was a persistent, widespread or repetitious course of conduct or that the jail's back-up system was inadequate. Also, the Court will not second guess reasonable jail safety policies, including gun storage practices and the requirement of a minimum of two officers to enter an occupied cell for the purpose of cell key control. To establish failure to train or supervise for purposes of a section 1983 claim, plaintiff must show, by a preponderance of the evidence, that: the training program of the Sheriff's Office or supervision by defendant Ballard was inadequate; a constitutional violation occurred under circumstance that constituted usual and recurring situations with which officers must have dealt; the failure to train or supervise reflected deliberate indifference; and the failure to provide proper training or supervision was the direct cause of the officer's violation of decedent's constitutional rights. For the reasons stated above, there is no persuasive evidence of deliberate indifference or causation in the trial record. Further, the Court finds that defendant presented overwhelming evidence that the training program at the Sheriff's Office in 2002 was adequate. Not only has defendant introduced the CPR certification of Officers Inda and Hurd, but also defendant has introduced compelling evidence that defendant's training was in compliance with state jail standards, Red Cross standards, and standards set by the American Heart Association. Officer Hurd testified that he responded immediately to a call of "man down" on October 19, 2002. However, former inmate Leelend Walker testified that officers did not respond promptly (he speculated 5 to 10 minutes response time) to his call of "man down." Even if a jury could reasonably find Mr. Walker's testimony credible, any such misconduct by individual officers would be contrary to this Sheriff's policy and custom. Defendant cannot be held liable solely

because he employs an individual who may have violated a person's constitutional rights. Accordingly, Mr. Walker's testimony is immaterial to plaintiff's claim against defendant.

Finally, the trial record lacks credible evidence of causation -- that an act, or failure to act, by defendant played a substantial part in bringing about decedent's injury. Accordingly, the Court finds that "there is no legally sufficient evidentiary basis for a reasonable jury to find for [plaintiff] on that issue . . . ." Fed. R. Civ. P. 50(a)(1).

**IT IS THEREFORE ORDERED** that defendant's oral motion for judgment as a matter of law is **granted**.

**IT IS SO ORDERED** this 18th day of April, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT